IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHAWN MICHAEL BALL,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF YELLOWSTONE, INGRID ROSENQUIST, COLETTE DAVIES, JOSEPH ZAVATSKY, MANDI GOULD, BENJAMIN SHUMATE, TERRY HALPIN, SCOTT TWITO, and VICTORIA CALLENDAR,<br><br>Defendants. | Cause No. CV 24-115-BLG-DLC<br><br><br>ORDER |

Plaintiff Shawn Michael Ball filed a 42 U.S.C. § 1983 Complaint related to his prosecution in Yellowstone County. (Doc. 2.) The Complaint as drafted fails to state a claim and is not proper for federal intervention. The Complaint is dismissed.

I.  **STATEMENT OF THE CASE**

A.  **Parties**

Ball is a pretrial detainee held in Yellowstone County Detention Facility. He names as defendants: Yellowstone County; three Yellowstone County attorneys, Ingrid Rosenquist, Scott Twito, and Victoria Callendar; three public defenders,

1

Benjamin Shumate, Joseph Zavatsky, and Mandi Gould; and Judge Colette B. Davis and Clerk Terry Halpin of the Yellowstone County District Court. (Doc. 2 at 2 - 4.)

### B. Allegations

Ball asserts that the defendants are pursuing a "bad faith prosecution" of him, with "no hope of a valid conviction", and are conspiring to prevent him from having "full access to the courts." (Doc. 2 at 4.) The prosecution is ongoing in Yellowstone County. (Doc. 2 at 5.)

In elaborating his claims, Ball discusses various legal doctrines, including *Younger* abstention (discussed below), immunity, privacy under U.S. Supreme Court precedent, prosecutorial conduct, conspiracy, and access to the courts, among others. (Doc. 2 at 7 - 8.) He makes very few affirmative factual statements about the conduct of any of the defendants. He does say that Defendants Rosenquist and Twito "should be aware" of certain asserted conflicts of interest of their colleagues, though exactly who has the conflict and why is not clear. (Doc. 2 at 8.)

Ball also asserts that Defendants Rosenquist, Halpin, and Davies have prevented him from filing several motions in his case. *Id.* He alleges these defendants are conspiring against him to deny him certain rights, citing a withdrawn and superceded Ninth Circuit Court of Appeals opinion as an analogy.

(Doc. 2 at 8.)

Ball's assertion against Defendant Gould is that she is "fully aware that the attorneys under her are ineffective and violating Defendants in criminal proceedings the right to adequate counsel and is turning a blind eye." (Doc. 2 at 10.) Ball asserts that Defendant Zavatsky "refused to obtain the evidence to clear" him. *Id.* Ball makes similar allegations regarding the ineffective counsel provided by Defendant Shumate. (Doc. 2 at 11.)

Ball he seeks money damages and injunctive relief to stop his prosecution. (Doc. 2 at 6 and 12.)

**II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

Ball is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails

to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. Immunity

For several reasons, Ball's Complaint fails to state a claim for relief. As an initial matter, he has not met the basic requirements of Fed. R. Civ. P. 8. A court may dismiss a complaint under Rule 8 if the complaint is so conclusory, confusing, or wordy that a defendant cannot reasonably frame a responsive pleading. *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1130–32 (9th Cir. 2008). In this case, Ball's Complaint relies almost entirely on citations from case law and general legal conclusions, without stating facts that would show that he is entitled to relief.

5

Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. Ball fails to make positive factual assertions that show plausible entitlement to relief.

As to the factual assertions Ball does make, he has named mostly defendants who are immune from suit. Prosecutors, defense counsel, judges, and judicial staff are all immune from suit under § 1983 for actions taken within the scope of their employment.

1. Public Defenders

As to Ball's ineffective assistance claims against the three public defender defendants, who he claims are ineffective personally or as supervisors, these are not appropriate claims under 42 U.S.C. § 1983 for three distinct reasons. First, Ball's public defenders are not state actors within the meaning of § 1983 and cannot be sued under 42 U.S.C. § 1983. § 1983 creates a cause of action against those acting "under color of" state law. The actions as Ball's attorneys cannot be considered to be "state action," because they are specifically opposed to the state in the court of law. "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these

6

are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders to not act under color of law within the meaning of § 1983).

Second, an ineffective assistance of counsel claim must be raised in direct appeals, post-conviction, or habeas corpus proceedings—not in a § 1983 action. Claims for ineffective assistance of counsel are not recognized under § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Finally, any ineffective assistance claim Ball may or may not have against his counsel has not yet accrued, if he has not yet been convicted. That is, until the consequences of any actions or inactions of his counsel are clear, Ball cannot state a claim against them. Ball's Complaint is fatally deficient.

2. Judges and Judicial Staff

Ball also cannot state claims against Judge Davies and Terry Halpin, who are immune from suit as judicial employees. As an initial matter, Ball has failed to allege any facts as to their conduct. He provides a conclusion, that they have conspired and violated his right of access to the court, but he fails to provide any facts to show how they did so. On that ground alone, the allegations are insufficient to state a claim.

Defendant Halpin has quasi-judicial immunity as an employee of the court. Court clerks and other non-judicial court employees have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing various cases). Ball's claim against Halpin is that Halpin returned a document (or maybe multiple documents) to him, because Ball is represented and cannot file documents on his own. Ball appends to his Complaint a letter from Halpin, in which he states that Ball has counsel and is not allowed to file documents himself while represented. (Doc. 2-1.) That letter is routine and does not reflect an attempt to foreclose Ball's access to the courts. That is a standard clerk of court function, and Ball has made no allegations that state a claim that Defendants' actions took place out of the judicial process. Plaintiff's Complaint fails to state a claim for relief.

Additionally, Judge Davies has absolute judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Ball attempts to circumvent judicial immunity by quoting from caselaw that states that the immunity applies only to actions taken within official duties. (Doc. 2 at 9.) But other than claiming Judge Davies was

involved in a conspiracy, Ball does not allege any facts that show any of Davies' conduct was outside the scope of her duties as a judge. He has failed to state a claim that would avoid Davies' immunity.

   3.  Prosecutors

Defendants Twito, Callender, and Rosenquist are also immune from suit at this stage in Ball's criminal proceedings. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005).  Prosecutors are absolutely immune from suit when they function as advocates.  *Imbler*, 424 U.S. at 430–31.  However, there may be other functions performed by a prosecutor that would fall outside of this role, and in some circumstances, a prosecutor will not be protected by immunity.  *Kalina v. Fletcher*, 522 U.S. 118 (1997) (acting as a witness is not a prosecutorial function).

Ball has alleged no facts to undermine the immunity of these defendants. He fails to identify exactly what they have done, other than to bring a prosecution

9

against him. He disagrees that he is guilty of a crime, but that is what the trial process is meant to establish. Ball has not otherwise established that these defendants have done something outside of their prosecutorial functions that would allow him to sue them under § 1983.

### B. Abstention

Even if Ball could state a claim against defendants, the claim cannot be heard in federal court. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings:

(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, Ball's allegations relate to ongoing criminal proceedings against him. State proceedings are criminal enforcement actions that implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Ball will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally

protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Ball has opportunities under Montana law to address any alleged violations of his federal rights relative to his prosecution.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Ball's ongoing state prosecution would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on Ball's Complaint in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Ball's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Ball has not alleged an

exceptional circumstance sufficient to avoid abstention.

The Court concludes that abstention is proper. Ordinarily, in the case of a complaint for damages, the Court can stay the federal action pending resolution of the underlying state case. However, Ball seeks injunctive relief, asking the Court to intervene in his proceeding. In the case of injunctive relief, dismissal is appropriate, especially when, as in this case, Ball's Complaint otherwise fails to state a claim; a stay in not appropriate.

### III.  CONCLUSION

The Court has screened Ball's Complaint and determined that it fails to state a claim and that the Court must abstain. Leave to amend is ordinarily freely given, but in this case, amendment would be futile. Ball could not amend his Complaint to state a claim.

Accordingly, it is HEREBY ORDERED:

1. Ball's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Ball within the meaning of 28

U.S.C. § 1915.

DATED this 2nd day of October, 2024.

_____
Dana L. Christensen, District Judge
United States District Court